Andrew McClain, J.,
delivered the opinion of the Court.
The complainant, Eliza Proudfit, filed her -original bill as executrix of William Proudfit, in the Chancery Court at Memphis, charging that the firms of Harris, Hunt & Co., (of which firm defendant, Babb, was a member,) and Picket, Wormly & Co., the first named firm as makers, and the last named firm as indorsers, owed to her testator a note for fifty-two hundred and fifty dollars, dated about November, 1861, and falling due between the 20th and 30th of May, 1862; that this note, at maturity, had been duly protested for non-payment, and notice given to the proper parties. It is further charged, that a short time before the City of Memphis was evacuated by the Confederate, and occupied by the Federal forces, in 1862, Babb, one of the firm of Harris, Hunt & Co., the makers, and Picket, one of the firm of Picket, Wormly & Co., the in-dorsers, came to her testator', and insisted that he should receive payment of the note in Confederate money; that testator refused to receive Confederate money in payment of the note; and that thereupon Picket and Babb procured one Morgan, an assistant Provost Marshal, to go with them to testator; and through threats of imprisonment and of being sent to General Beauregard, testator was forced to take the Confederate money, and surrender the note.
To this bill the several members of these firms who were living, and the personal representatives of those who had deceased, were named as parties defendants, *565 and subpoena and copy issued as to the residents, and publication made as to the non-residents.
The return of the Sheriff, as to Babb, was in these words:
“Served on Benj. Babb by leaving with him a copy of original bill.”
There appears in the record an answer, purporting to be the answer of ~W. T. Picket, Benj. Babb, Robert R. Wormly, Mary Harris, executrix of H. O. Harris, Samuel Mosby and Judith W. Hunt, executor and executrix of Thomas W. Hunt, deceased. This answer is not signed by any counsel, but has the name of W. S. Picket, only, at the close of it.
Proof was taken, and a final decree pronounced against all these defendants for the amount of the note, with interest and cost. It appears that the interest of Picket (amounting to one-half) in a cotton shed, was attached. By the final decree, it was ordered that this property bo sold.
From this decree an appeal was prayed and granted, upon condition that bond and security be given. This appeal, however, seems to have been abandoned, no bond having been executed; and the Clerk and Master proceeded to advertise and sell the property attached; and the purchase money was not paid; and the Clerk and Master made report of all these facts to the Court; and a re-sale was ordered. From this last decree Picket has appealed to this Court.
At the same term of the court at which the final decree was rendered, the defendants, Samuel Mosby and Judith P. Hunt, executor and executrix of Thomas "W. *566 Hunt, moved the Court, by petition, for a re-hearing as to them. The Court ordered that the decree be suspended as to them, and the motion be continued till nest term. An execution was issued, omitting the names of these petitioners; and Babb filed his petition for supersedeas, praying that it might be taken as a bill of review, or as an application for re-hearing. Subsequently a motion was made to dismiss both these petitions. This matter was continued to a future day of the term, and subsequently the motion was disposed of as to the petition of Babb; but it does not appear, from the record, that further notice was taken, or action had, as to the petition of Mosby and Hunt.
The petition of Babb was dismissed, and a decree rendered against him and his sureties on his supersedeas for the full amount of the original decree, with interest. From this decree, Babb appealed to this Court.
The record in this case was filed in this Court May 19th, 1869. The record of the Picket appeal was filed May 15, 1868. The transcript in the case of Babb contains an agreement that the record in the Picket appeal in the Supreme Court, is to be considered a part of the record in the case of Babb. When the case of Picket was called, a few days ago, it was insisted by complainant’s counsel that the case of Babb should also be heard with it, notwithstanding the case of Babb is on the docket of 1869, and the Picket case is on the docket of 1868. We heard the two causes together, with the understanding that if it appeared, upon further consideration of the matter, that it would be improper that the two appeals should be heard together, that the case of Babb would *567 be remanded, to take its place on tbe docket of 1869. Upon consideration of the matter, we tbink it proper to bear them both together. They are both branches of the same suit, and, in point of fact, it is apparent they have sprung from a controversy between defendants themselves, as to priority of their liability.
As to the appeal of Babb, whatever may be the merits of his defense, we must consider of his case in the form in which he has presented it. He presents his petition, and prays that it be filed as a bill of review, and for a re-hearing. As a bill of review, if it were conceded that a bill of review is the proper mode in which to make objection that the party had not been served with process, (which seems to be the objection relied on,) this petition does not contain the averments essential to a bill of review, either for error apparent on the face of the record, or for new matter. As a bill of review for error apparent on the record, it would not be competent to look to affidavits set forth in the record, made after the final decree was rendered. Leaving off-these affidavits, and looking to the pleadings and decree, it appears that all the defendants appeared and made defense. This does not appear otherwise, if the entire record preceding the final 'decree be looked to, including the return of the officer. Besides the answer on file, purporting to be the. answer of all the defendants, there is an agreement, signed by counsel for defendants and complainants, in reference to the depositions of Lopez and Day; and it appears, also, that Poston, representing the defendants, as solicitor, appeared and cross-examined those witnesses.
As a bill of review upon the discovery of new matter, *568 there are no allegations sufficient to bring it within the description of a bill of that character. This kind of bill is always filed by leave of Court. If it be insisted that the want of service of process, and discovery that he was a party to the suit, made after the decree, is such matter, we think it would be competent for the Court, upon this application, to look to the record in the case; and from this, although it does not appear that he was served with subpoena, yet it does appear he was served with a copy of the bill.
And, besides this, the petition shows no merits. It is not denied that Harris, Hunt & Co., of which firm Babb was a member, owed the debt referred to in complainant's bill; and it is not denied that, in point of fact, complainant was forced, as charged, to accept the Confederate money in discharge of this debt. We are satisfied the Chancellor correctly refused to entertain it as a bill of review, either for error apparent on the record, or upon discovery of new matter.
As an application for a re-hearing, the case presents more difficulty. But, upon this application, we think it was competent for the Chancellor to look to the record before him.
The petitioner is met at once with the fact that the Sheriff's return shows he was served with a copy of the bill. This, it is true, was not a substitute for service of the subpoena; but it leaves the petitioner with nothing but a bare technicality to stand upon. In point of fact, service of copy of the bill must have placed him in full possession of a knowledge of the pendency of the suit, and of its nature and objects.
*569 It appears, as we have before remarked, that Poston appeared as solicitor, and represented all the defendants, in taking two depositions. This appears from the record. Poston signs an agreement as solicitor for all the defendants, touching these depositions.
The petition refers to the answer filed in the name of all the defendants, and denies that it was by his authority so filed) but no allusion is made to the taking of these depositions, and the agreement of counsel touching the same.
It is alleged that petitioner did not himself retain counsel, and never authorized counsel to enter his appearance. This might all be so, and yet he might have authorized Picket to attend to the suit and retain counsel.
The petition is evidently evasive, we think, and avoids making positive statements of admission or denial of the charges of the bill, though, as we have seen, petitioner was served with a copy of the bill, and the bill .makes direct charges of fraud and duress against the petitioner. We think we are warranted by the record in holding that petitioner not only knew of the pendency of the suit against him, and was fully informed of its character, but that he made defense. Much importance must be attached to the appearance of counsel in the cause, even in the taking of depositions.
The final decree was suspended as to Mosby & Hunt, executor and executrix of Hunt. It does not appear that any disposition has been made of their application for rehearing. The return of the Sheriff shows that Hunt, ex *570 ecutor, was served with process in the case, and there is no denial of service as to the executrix.
We perceive nothing in the cause that entitles the defendants, as against the complainant, to a stay of execution of the final decree, as first pronounced by the Chancellor — that is, holding the makers of the note primarily liable, then the indorsers. The execution of the decree can not be delayed or varied by the affidavits of defendants coming in after the decree, alleging equities as between themselves.
The decree of the Chancellor, in the case of Babb, will be reversed, and the appeal of Picket dismissed; and the cause, in both branches, be remanded to the Court below. The Court below will proceed to execution of the final decree, as first pronounced — making collection off of the makers of the note first, then off the indorsers. The sale of the attached property of Picket will be suspended until the property of the makers liable to execution, is exhausted; but the property of Picket, which has been attached, will remain in the custody of the Court; and, by appropriate pleadings between themselves, the defendants will be allowed to assert their equities as against each other; and if the final decree is satisfied, and the complainant’s debt discharged by the makers of the note, and it shall be made to appear, upon hearing of the cause, as between themselves, that the makers, or either of them, furnished funds to Picket with which to discharge the debt, then the said makers, or such of them as may be forced to satisfy the said decree, will be subrogated to the rights and liens of the complainant, in and upon .the *571 property of Picket attacked, to the extent of the amount so paid in discharge of the decree; and the attached property will be sold to make reimbursement accordingly; the amount so reimbursed not to exceed the amount paid to Picket.